■ Rose Grobman, Appellant, v Etoile 660 Madison LLC et al., Defendants, and First Quality Maintenance II, LLC, Respondent. (And a Third-Party Action.) [3 NYS3d 590]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered November 22, 2013, which granted defendant First Quality Maintenance II, LLC's (FQM) motion to vacate the default judgment against it, extend its time to answer, and deem its proposed answer served upon timely service of a copy of the order with notice of entry, unanimously affirmed, without costs.

FQM failed to demonstrate a reasonable excuse for its default, as required by CPLR 5015, since it did not offer an affidavit based on personal knowledge as to whether or not its registered agent had received the summons and complaint at the agent's designated mailing address for service of process. However, FQM's argument that it lacked personal notice of this action until it received a copy of the third-party complaint is substantiated by affidavits. Moreover, the argument was made before the motion court (and not refuted). Thus, FQM's reliance on CPLR 317 in support of the vacatur of its default, though raised for the first time on appeal, does not prejudice plaintiff, and in addition to showing that it did not receive notice of the summons in time to defend, FQM demonstrated a meritorious defense, i.e., the statute of limitations, which is apparent from the face of the record (*see e.g. Augustin v Augustin*, 79 AD3d 651 [1st Dept 2010]). Concur—Mazzarelli, J.P., DeGrasse, Richter and Feinman, JJ.